UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARCHIE SANDERS, an individual; JAMES HOUSTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY; DOES 1 through 100; and ROE CORPORATIONS 101 through 200,<br><br>Defendants. | 2:12-CV-01392-LRH-WGC<br><br>ORDER |

This is an insurance dispute. Before the court is defendant Church Mutual Insurance Company's ("Church Mutual's") Motion to Dismiss (#6[1]). Plaintiffs Archie Sanders and James Houston have responded (#11), and Church Mutual has replied (#12).

**I.    Facts and Procedural History**[2]

Sanders and Houston were involved in a motor vehicle accident on June 11, 2011. (Complaint #1, ¶ 4.) They were riding as passengers in a vehicle owned by United Faith Majestic Church ("United Faith"), which is insured by Church Mutual (Sanders and Houston's Response #11, p. 2:1-3.). A driver struck United Faith's vehicle, causing both Sanders and Houston severe

---

[1] Refers to the court's docket entry number.

[2] In reviewing a motion to dismiss, the court accepts facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

injuries. (Complaint #1 at ¶ 12.)

Sanders and Houston recovered damages from the at-fault driver, but they were unsuccessful in recovering from Church Mutual. (Sanders and Houston's Response #11, p. 2:3-8.) They brought this suit in Nevada state court seeking Church Mutual's policy limit, $1,000,000. (*Id*.) Church Mutual removed to this court on the basis of diversity jurisdiction. (Notice of Removal #1, p. 2.) Church Mutual now moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).

**II.    Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id*. at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

///

2

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**III.   Discussion**

Church Mutual moves to dismiss each of Sanders and Houston's claims. These claims are the following: (1) negligence, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, and (4) unfair claim practices. Church Mutual also moves to dismiss Sanders and Houston's prayer for punitive damages. Sanders and Houston have not objected to the dismissal of the negligence claim, and this failure to object constitutes consent to its dismissal. *See* Local Rule 7-2. Therefore, the court addresses only the remaining claims below.

First, Church Mutual argues that Sanders and Houston have not successfully alleged the existence of a valid contract nor sufficient facts to constitute breach. In Nevada, an enforceable contract requires "an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (2005). Here, Sanders and Houston have not incanted these words, but their Complaint provides sufficient factual support for the court to infer, based on the its "judicial experience and common sense," that an enforceable contract existed between United Faith and Church Mutual. Sanders and Houston's Complaint alleges that Church Mutual "supplied an insurance policy that was in full force and effect on [the date of the accident.]" (Complaint #1 at ¶ 3.) The Complaint further alleges that the failure to "tender the policy limits as demanded and/or properly evaluate Plaintiffs' claim arising from the automobile accident . . . constitute[s] material

3

breach." (Complaint #1 at ¶ 21.) Since an individual identified as an "insured" in an insurance contract may sue for breach as an intended beneficiary of that contract, *see, e.g.*, *Pasina v. California Casualty Indemnity Exchange*, 2008 WL 5083831, *3-4 (D. Nev. Nov. 26, 2008), and since judicial experience and common sense suggests that passengers are often "insureds" under automobile insurance contracts, these allegations successfully give rise to a breach of contract claim.

While Church Mutual faults Sanders and Houston for failing to point to specific contractual provisions, it is undisputed that Sanders and Houston do not presently have access to the insurance contract. And Church Mutual has not itself suggested contractual language that would defeat Sanders and Houston's claim. Therefore, Sanders and Houston have sufficiently stated a breach of contract claim.

Second, Church Mutual argues that Sanders and Houston have not pled sufficient facts to state a claim for breach of the implied covenant of good faith and fair dealing. Such a covenant is implicit in every insurance contract. *Bergerud v. Progressive Casualty Insurance*, 453 F. Supp. 2d 1241, 1246 (D. Nev. 2006). This covenant creates a fiduciary-like duty between the insurer and the insured, and the insurer's refusal to compensate the insured "without proper cause" is a breach of this duty. *Pemberton v. Farmers Insurance Exchange*, 858 P.2d 380, 382 (Nev. 1993). The right to enforce this covenant extends to parties identified as "insureds" in the insurance policy. *Bergerud*, 453 F. Supp. 2d at 1249.

Here, Sanders and Houston have alleged that Church Mutual "refus[ed] to evaluate properly and/or pay Plaintiffs' claim [without] a reasonable basis for denying such benefits under the policy." (Complaint #1 at ¶ 27.) If true, this claim properly states a breach for the implied covenant of good faith and fair dealing. Church Mutual again faults Sanders and Houston for not citing contractual language that would entitle them to recovery under the insurance policy. However, Sanders and Houston's inability to access the contract combined with reasonable inferences in their favor suggest the "facial plausibility" of this claim. *Ashcroft*, 556 U.S. at 678.

4

Third, Church Mutual contends that Sanders and Houston's cause of action for unfair claims practices fails because Sanders and Houston did not establish that "an officer, director or department head of the insurer ha[d] knowingly permitted" an unfair practice. Nev. Rev. Stat. ("NRS") § 686A.270. Church Mutual also argues that this claim fails because Sanders and Houston have not alleged damages with sufficient specificity and because Sanders and Houston have merely repeated the wording of the statute.

While "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth," *Moss*, 572 F.3d at 969, the court must adopt the interpretation of ambiguous factual allegations that supports a valid claim, *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 816, 819 (6th Cir. 1995). Here, Sanders and Houston have alleged that Church Mutual itself committed unfair claims practices. (Complaint #1 at ¶¶ 31-35.) This allegation might give rise to the inference that Church Mutual's low-level employees committed these practices without the knowledge of Church Mutual's higher-ups. Alternatively, it might give rise to the inference that Church Mutual's higher-ups committed these practices or directed lower-level employees to commit these practices. Since the latter inference supports a valid claim under NRS § 686A.270, the court adopts this interpretation of Sanders and Houston's allegation.

Similarly, the court interprets Sanders and Houston's damage allegations and their allegations of specific violations under NRS § 686A.310 to support a valid claim. Church Mutual is correct that some of these violations are stated in a conclusory manner. For example, Sanders and Houston simply quote the statutory provision when they accuse Church Mutual of "fail[ing] to acknowledge and act reasonably promptly upon communications with respect to claims arising under the insurance policy." *Compare* Complaint #1 at ¶ 32 *with* NRS § 686A.310(1)(b). However, reasonable inferences from the Complaint support a claim under section 686A.310(1)(e) (failing to effectuate a prompt settlement of claims once liability of the insurer has become reasonably clear)

5

and section 686A.310(1)(a) (misrepresenting to insureds any pertinent policy provisions). If Sanders and Houston have stated a valid unfair practices claim, then reasonable inferences from the Complaint further support Sanders and Houston's damage claims. Such damage includes, for example, the costs of maintaining this suit, costs which are separate and apart from damage caused by the underlying accident. *See* NRS § 686A.310(2).

Finally, Church Mutual asks the court to dismiss the punitive damages prayer for relief on the grounds that the Complaint does not allege facts supporting such damages. However, Sanders and Houston's claim for breach of the implied covenant of good faith and fair dealing allows punitive damages, and Sanders and Houston have alleged a willful breach of this covenant. Therefore, in light of "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, Sanders and Houston have successfully pled the requirements for punitive damages.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Church Mutual's Motion to Dismiss (#6) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Sanders and Houston's request for leave to amend is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE